Argued and submitted September 29, reversed November 29, 1989

## MICHAEL READ,
*Petitioner,*

*v.*

## OREGON STATE CORRECTIONAL INSTITUTION,
*Respondent.*

(11-92F; CA A51082)

## ROBERT SORENSON,
*Petitioner,*

*v.*

## OREGON STATE CORRECTIONAL INSTITUTION,
*Respondent.*

(11-75F; CA A51168)

## DWAYNE D. WIER,
*Petitioner,*

*v.*

## OREGON STATE CORRECTIONAL INSTITUTION,
*Respondent.*

(11-130F; CA A51253)
(Cases Consolidated for Decision)

783 P2d 27

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellants.

Douglas F. Zier, Deputy Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

We have consolidated these prison disciplinary cases for decision, because each presents the same issue: Is there substantial evidence to support the hearings officer's conclusion that petitioners violated OAR 291-105-015(1)?

The relevant portion of OAR 291-105-015 provides:

"(1)   Disruptive Behavior:

"(a)   No inmate shall *advocate, create, engage in, encourage* or *promote* a disturbance.

"(b)   A disturbance is the creation or maintenance of an unreasonably annoying condition or disorder, charactered by unruly, noisy or violent conduct or unauthorized group activity which disrupts the orderly administration of or poses a direct threat to the security of a facility, facility program(s) or the safety of personnel." OAR 291-105-015(1). (Emphasis supplied.)

All three petitioners were present in a dormitory room of the Oregon State Correctional Institution in the early hours of November 1, 1988, when an inmate disturbance occurred. The record reveals that several of the dormitory's 36 inmates blocked the entrance and windows of the dormitory and caused damage. The record discloses no evidence to indicate that petitioners actively participated in or encouraged the disturbance. Furthermore, the evidence regarding petitioners Read and Sorenson includes exculpatory statements by witnesses that they had remained in their bunks during the entire disturbance.

The hearings officer found that each petitioner had violated OAR 291-105-015(1) by failing to disassociate himself from the disturbance by not leaving the blockaded dormitory when ordered to do so. However, the terms of OAR 291-105-015(1) require that an inmate must have acted affirmatively in a disturbance to be guilty of disruptive behavior. We hold that, without evidence of affirmative participation, the failure of petitioners to extricate themselves from a blockaded dormitory when ordered to was not a violation of OAR 291-105-

015(1).[1] Accordingly, there is not substantial evidence to support the hearing officer's conclusion that they are guilty of disruptive behavior.

Reversed.

---

[1] We note that the hearings officer dismissed charges against petitioners for violation of OAR 291-105-015(10), which provides:

"Disobedience of an Order: No inmate shall fail to promptly or in a timely manner comply with valid orders of staff members. An order includes written, verbal, or gestured communication which directs or forbids the doing of some act over which the inmate has control."