On petitioner's motion for reconsideration filed January 3, motion for reconsideration allowed; former decision (98 Or App 167, 780 P2d 258) withdrawn; reversed April 25, 1990

## STANLEY N. MURPHY,
*Petitioner,*

*v.*

## OREGON STATE CORRECTIONAL INSTITUTION,
*Respondent.*

(11-91F; CA A50969)

790 P2d 1179

Stanley N. Murphy, Salem, for motion *pro se.*

No appearance *contra.*

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

## BUTTLER, P. J.

On judicial review of a final order of the Superintendent of the Oregon State Correctional Institution finding petitioner guilty of disruptive behavior (Rule 1), we affirmed without opinion. We allow his motion for reconsideration and reverse.

Petitioner was charged with violations of Rules 1, 6 and 10. Having found him guilty of violation of Rule 1, the hearings officer did not consider the other violations charged; they were dismissed. OAR 291-105-015(1), as relevant, provides:

"Disruptive Behavior:

"(a) No inmate shall advocate, create, engage in, or encourage, promote, a disturbance.

"(b) A disturbance is the creation or maintenance of an unreasonably annoying condition or disorder, characterized by unruly, noisy or violent conduct or unauthorized group activity which disrupts the orderly administration of or poses a direct threat to the security of a facility, facility program(s) or the safety of personnel."

There is no doubt that there was a disturbance. However, for there to be a violation, the rule requires that an inmate engage in some affirmative action related to the disturbance. The hearings officer found only that petitioner failed to dissociate himself from the disturbance. Confidential statements from other inmates indicate that petitioner played no active rule; he remained sitting on his bunk. There is, therefore, no substantial evidence that he violated Rule 1. *Read v. OSCI,* 99 Or App 507, 783 P2d 27 (1989).

Motion for reconsideration allowed; former decision withdrawn; reversed.